**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

ANN LEMBERG,

               Plaintiff-Appellant,

   v.

SAN FRANCISCO OPERA
ASSOCIATION,

               Defendant-Appellee.

No. 20-16883

D.C. No. 3:17-cv-06641-MMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted May 18, 2021[**]

Before:     CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

    Ann Lemberg appeals pro se from the district court's orders enforcing the

parties' settlement agreement and granting attorney's fees. We have jurisdiction

under 28 U.S.C. § 1291. We review for an abuse of discretion. *Arizona v.*

*ASARCO LLC*, 773 F.3d 1050, 1060 (9th Cir. 2014) (en banc) (award of attorney's

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

fees); *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1136 (9th Cir. 2002) (enforcement of a settlement agreement). We affirm.

The district court did not abuse its discretion by enforcing the settlement agreement because its findings that Lemberg accepted the terms of the settlement agreement, and that Lumberg did not sign under duress, were not clearly erroneous. *See Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989) ("The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally."); Cal. Civ. Code § 1550 (setting forth essential elements to the existence of a contract under California law); *Rich & Whillock, Inc. v. Ashton Dev., Inc.*, 204 Cal. Rptr. 86, 88-90 (Ct. App. 1984) (discussing standard for duress); *Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994) (clearly erroneous standard of review).

The district court did not abuse it discretion in awarding attorney's fees because the settlement agreement expressly provided for such an award. *See* Cal. Civ. Code § 1717 (allowing an award of attorney's fees where the contract specifically provides for attorney's fees that are incurred to enforce that contract).

The district court did not err in denying Lemberg's motion for leave to amend her complaint as moot because the district court had granted defendant's motion to enforce the settlement agreement.

We reject as without merit Lemberg's contentions that the district court was

biased against her or engaged in unlawful behavior.

Lemberg requested and received an extension of time to file a reply brief until April 15, 2021. Lemberg did not submit a reply brief by that date or file another motion for extension of time. The time for filing a reply brief has expired.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**

20-16883